John Tehranian (SBN 211616)
Email: jtehranian@onellp.com
Jennifer A. Mauri (SBN 276522)
Email: jmauri@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

Attorney for Plaintiff,
Scott Hargis d/b/a Scott Hargis Photo.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT HARGIS, d/b/a SCOTT HARGIS PHOTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FAIRFAX PUBLISHING COMPANY LLC, a Virginia limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Scott Hargis, d/b/a Scott Hargis Photo ("Plaintiff" or "Hargis"), complains against Defendants Fairfax Publishing Company LLC ("Fairfax") and DOES 1-10, inclusive (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief against Defendants for willful copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2. This Court has subject matter jurisdiction under the United States Copyright Act, 17 U.S.C. § 501(a), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) (copyright).

3. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a), in that Defendants may be found and transact business in this District, a substantial part of the events or omissions giving rise to the claim occurred in this District, the property that is the subject of the action—the registered copyrights—is in this District, and the injury suffered by Hargis occurred in this District.

4. This Court has general and specific personal jurisdiction over Defendants. Specifically, Defendants have engaged in direct, vicarious, and/or otherwise induced acts of copyright infringement in this judicial district. Upon information and belief, Defendants have engaged in continuous and systematic business in this judicial district, including by marketing and advertising senior community housing facilities in this judicial district to residents of this judicial district. Among other things, Defendants have infringed photographs of images of senior living communities located in this judicial district that were taken by Plaintiff in this judicial district. Upon information and relief, Defendants also provide a highly interactive online website to individuals in this district through which, among other things, Defendants entice those individuals to provide their contact information to Defendants so that Defendants can then sell or otherwise monetize

that contact information by offering them information, including pricing and availability, about potential residency at senior community housing facilities located in California and this judicial district, and thus, Defendants have chosen to direct their infringing activities at California. Accordingly, and upon information and belief, Defendants derive substantial revenues from commercial activities in California and this district. As a result, besides Defendants' active and purposeful engagement with, and substantial, continuous and systematic business ties to, California and this District, there is a direct and substantial nexus between Plaintiff's claims in this case and Defendants' purposeful availment of the privilege of conducting activities within California and in this district.

## PARTIES

5. Hargis is an individual residing in Oakland, California.

6. Fairfax is a Virginia limited liability company with its principal place of business at 14 Pidgeon Hill Dr Ste 330, Sterling, Virginia.

7. DOES 1 through 10, inclusive, are unknown to Hargis, who therefore sues said Defendants by such fictitious names. Hargis will ask leave of court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Hargis is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "Doe" is legally responsible in some manner for the events and happenings herein alleged, and that Hargis's damages as alleged herein were proximately caused by such Defendants.

8. Hargis is informed and believes, and based thereon alleges, that at all times herein relevant, each of the Defendants was the agent, alter-ego, servant, or employee of the remaining Defendants, and each was acting within the course and scope of such agency/employment relationship and with the knowledge and consent of the remaining Defendants.

/ / /

/ / /

## STATEMENT OF FACTS

***Hargis and his Copyrighted Works***

9. Hargis is a widely recognized architectural photographer based in the San Francisco Bay area. Hargis's photographs have appeared in numerous publications including *This Old House*, *Luxe Magazine*, *Dwell*, *The New York Times*, *The Wall Street Journal*, *Oakland Magazine*, *San Francisco Magazine*, *Diablo Magazine*, *Better Homes & Gardens, The San Francisco Chronicle*, and *The Los Angeles Times*.

10. Hargis is sought after by architectural and design firms around the world, including Woods Bagot, Gensler, Handel, SOM, and many others.

11. He is the author of the acclaimed book "The Essential Guide to Lighting Interiors," and frequently travels throughout North America and the world on assignment. A member of the International Association of Architectural Photographers, Hargis shares his expertise with students at workshops throughout North America, Europe, Australia, and the Middle East.

12. Among the countless photographs he has created in his career are forty photographs (the "Photographs"), true and correct copies of which are attached as **Exhibit A**, showcasing various subject matter within five senior living communities: (a) the Novellus Cypresswood senior living community in Spring, Texas; (b) the Atria Newport Plaza senior living community in Newport Beach, California; (c) the Atria West 86 senior living community in New York, New York; (d) the Atria Collwood senior living community in San Diego, California; and (e) the Atria Rancho Mirage senior living community in Rancho Mirage, California (collectively referred to as the "Five Senior Living Communities").

/ / /

/ / /

/ / /

/ / /

13. The Photographs, which serve as the subject matter of this dispute, were registered with the United States Copyright Office as follows:

| **Date of Registration** | **Registration No.** | **Titles of Works** |
|---|---|---|
| Sept. 12, 2019 | VA 2-174-022 | hargis_190626_1742; hargis_190626_1776; hargis_190626_1796; hargis_190626_1822; hargis_190626_1852; hargis_190626_1870; hargis_190626_1933; hargis_190508_0128; hargis_190508_0045; hargis_190508_0099; hargis_190508_0026; hargis_190508_0072; hargis_190508_0162; hargis_190508_0178; hargis_190508_0187. |
| Feb. 20, 2019 | VA 2-140-916 | hargis_180620_7768; hargis_180620_7745; hargis_180620_7818; hargis_180620_7670; hargis_180620_7698; hargis_180620_7798; hargis_180620_7756; hargis_180709_8987; hargis_180710_9037; |

| | | |
|---|---|---|
| | | hargis_180710_9116;<br>hargis_180709_8891;<br>hargis_180710_9102;<br>hargis_180710_9064;<br>hargis_180709_9012;<br>hargis_180709_8928;<br>hargis_180709_8913;<br>hargis_180709_8957;<br>hargis_180710_8463;<br>hargis_180709_8937. |
| Jan. 27. 2020 | VA 2-193-490 | hargis_190925_4931;<br>hargis_190925_5064;<br>hargis_190925_5019;<br>hargis_190925_4896;<br>hargis_190925_5050;<br>hargis_190925_4979. |

Hargis is, and is listed as, the author and copyright claimant of the Photographs. As the author, Hargis owns and exclusively controls the rights to reproduce, adapt, distribute, and publicly display the Photographs.

14. As a professional photographer, Hargis's livelihood depends on his ability to generate revenue from his photographs. Like other photographers, he would suffer serious financial injury if his copyrights were not enforced. This would adversely impact his livelihood and ability to create new works.

***Fairfax's Infringing Conduct***

15. Fairfax is the owner and operator of the website www.seniorlivingguide.com, which it describes as "The Nation's Premier Online Senior Housing Resource."

16. On information and belief, www.seniorlivingguide.com's primary purpose is lead generation for senior community housing in California and across the United States.

17. A lead generation website for senior community housing is designed to attract potential residents and their families who are interested in senior living options. It provides helpful information about the senior communities, including amenities, care options, activities, pricing, and availability, while collecting contact information from interested individuals. That contact information is then sold to the relevant senior community and the community can then follow up with these leads to answer questions, schedule tours, and help potential residents find the right living option, including entering into residency contracts with them.

18. Lead generation websites can also generate revenue through referral fees, commissions, or payments from businesses for each qualified lead or customer generated. Further, lead generation websites can also generate revenue through selling advertising to senior communities to increase that community's visibility on the lead generation website.

19. Fairfax has, without permission or compensation to Hargis, reproduced, modified, distributed, and publicly displayed unauthorized copies of the Photographs and/or derivatives thereof wholesale on the website https://www.seniorlivingguide.com/ (the "Website") in connection with advertising and or providing information about the Five Senior Living Communities as part of lead generation efforts related to that community. Attached hereto as **Exhibits B** and **C** are true and correct screencaptures evidencing Fairfax's unauthorized commercial exploitation of the Photographs, side-by-side with the original Photographs.

20. Fairfax's exploitation of the Photographs is for blatantly commercial purposes. As a lead-generation website, the Website entices prospective senior living community residents and their families to choose one of the Five Senior Living Communities over comparable senior living communities and, in turn,

generate revenue for Fairfax in the form of lead sales, referral fees, and/or advertising sales from that facility.

21. Fairfax is able to garner significant attention for the Five Senior Living Communities by featuring the Photographs on the Website. The Photographs, each a unique work in and of itself, highlight different locations and amenities within the Five Senior Living Communities in an attractive manner, undoubtedly playing an important role in the marketing and promotional efforts intended to convince prospective senior living residents and their families to submit their contact information to the Website so that Fairfax can then provide those leads to the operators of the Five Senior Living Communities. Among other things, this attention and generation of leads—a direct consequence of the infringement—has translated into ill-gotten commercial advantage and revenue for Fairfax.

22. To the extent that Fairfax might have otherwise hoped to invoke the provisions of Digital Millennium Copyright Act's safe harbor, 17 U.S.C. § 512, by claiming it is a protected internet service provider, it is categorically precluded from doing so as a matter of law because, among other things, the DMCA safe harbor is conditional on the proper designation and registration of an agent with the Copyright Office to receive notifications of claimed infringement, as expressly required under 17 U.S.C. § 512(c)(2), and Fairfax has failed to properly designate and register such an agent with the Copyright Office. Without a designated agent at the time of an infringement, a service provider is ineligible for any safe harbor under the DMCA (even if content is truly user generated, for example). *See, e.g.*, *Oppenheimer v. Allvoices, Inc.*, 2014 WL 2604033, *17 (N.D. Cal. June 10, 2014) ("This court also agrees that [the defendant] may not invoke the safe harbor found in Section 512(c)(1) with respect to infringing conduct that occurred prior to [the defendant] designating a DMCA-related agent with the Copyright Office."); *Perfect 10, Inc. v. Yandex, N.V.*, 2013 WL 1899851, at *7 (N.D. Cal. May 7, 2013) (granting partial summary judgment for the plaintiff on the defendant's ineligibility for the DMCA

user storage safe harbor for alleged infringement that occurred prior to the date the defendant registered its DMCA agent with the U.S. Copyright Office); *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 2010 WL 5598337, at *7 (N.D. Cal. Mar. 19, 2010) ("At a minimum, Defendants would not be able to claim the protection of the safe harbor provisions prior to designating an agent.").

23. Fairfax's acts of infringement are willful because, *inter alia*, it is a sophisticated entity with full knowledge of the strictures of federal copyright law and the basic requirements for licensing copyrighted content. Fairfax itself actively protects its own copyrights, including as demonstrated by the "©" notice they placed on the Website.

24. Additionally, Fairfax asserted on the www.seniorlivingguide.com website that "Unless otherwise noted, all photographs, artwork and ad designs printed in Senior Living Guide and on SeniorLivingGuide.com are the sole property of Fairfax Publishing Company LLC. and may not be duplicated or reprinted without Fairfax Publishing Company LLC. express written permission." https://www.seniorlivingguide.com/contact-us/disclaimer. But Fairfax failed to notify visitors to the website that Fairfax is not the owner of the Photographs. In so doing, Fairfax not only confirmed that it is well aware of the need for proper licensing of copyrighted works, but also demonstrates Fairfax's efforts to mislead and/or obscure the fact that it is infringing Hargis's Photographs. This further evidences Fairfax's willfulness.

25. Furthermore, rather than respond constructively to the efforts of Hargis's representatives to resolve this matter short of litigation, Fairfax and its representatives initially (falsely) claimed to have removed all infringing content, but have since gone completely silent, declining to engage in communications or to make any offer to remediate its wrongful conduct, including providing Hargis with any compensation for the violation of his intellectual property rights, thereby only

further evidencing the bad faith at play in Fairfax's actions and giving Hargis no choice but to initiate litigation.

26. Even more pointedly, Fairfax was provided with specific notice regarding its infringing activities. Hargis's representatives notified Fairfax about the infringement of seven of Hargis's images of the Novellus Cypresswood senior living community and requested that Fairfax immediately cease and desist the use of all of Hargis's work. Despite multiple cease and desist requests—including cease and desist correspondence sent to it on June 29, 2026, a telephone conference with Fairfax's representative on July 16, 2026 and numerous subsequent attempts at communication—Fairfax continues to infringe those very works ***to this day***. Indeed, the infringing images are still live on the Fairfax website as of the filing date of this Complaint. Worse, during the drafting of this complaint, *Hargis discovered a whopping additional thirty-three (33) infringements by Fairfax—bringing the total number of infringed photographs to forty (40)*. The ongoing and additional infringements are evidenced by the screencaptures shown in Exhibit C, representing true and correct copies of Fairfax's website continuing to reproduce, distribute and publicly display high resolution copies of Mr. Hargis's images without authorization. Fairfax's continuing acts of infringement constitute quintessential per se willfulness

27. As a result of its willful infringement of seven of Hargis's copyrights, Fairfax faces statutory damages of up to $6,000,000 ($150,000 x 40 infringements) for their unlawful actions, exclusive of attorneys' fees.

**<u>FIRST CAUSE OF ACTION</u>**

**(Copyright Infringement, 17 U.S.C. § 501)**

28. Plaintiff hereby incorporates by reference and realleges the allegations in all previous paragraphs as though fully set forth herein.

29. Hargis owns all copyrights in and to the Photographs, which are valid and subsisting under the laws of the United States.

30. Hargis has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights, and the Photographs have all been timely registered with the United States Copyright Office.

31. Defendants, without the permission or consent of Hargis, reproduced, adapted, distributed, and publicly displayed unauthorized copies of the Photographs shown in Exhibit A hereto. Such acts constitute infringement of Hargis's exclusive rights under copyright pursuant to 17 U.S.C. §§ 106 & 501.

32. In addition, Defendants, without the permission or consent of Hargis, knowingly encouraged, induced, materially contributed to, and/or facilitated the unauthorized reproduction, adaptation, distribution, and public display of unauthorized copies of the Photographs shown in Exhibit A hereto, and have the right and ability to stop or limit the infringement and a direct financial interest in such infringing activities.

33. Defendants are therefore directly and secondarily liable for infringement under the Copyright Act.

34. Each of the Defendants directly and individually performed the acts alleged herein, and also did so jointly and in concert with one another, or as an agent or alter ego of the other. Accordingly, each of the Defendants are liable for all of the acts alleged herein because they were the cause in fact and proximate cause of all injuries Hargis has suffered.

35. The infringement of Hargis's rights in each of his respective copyrighted works constitutes a separate and distinct act of infringement.

36. Defendants' unlawful conduct, as set forth above, was willful, intentional, and purposeful, in disregard of and with indifference to Hargis's rights.

37. Defendants' wrongful acts have caused, and are causing, great injury to Hargis, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further and continuing commission of said acts, Hargis

will suffer irreparable injury, for all of which he is without an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. For a declaration that Fairfax willfully infringed Hargis's copyrights;

2. For such equitable relief under Title 17, Title 28, and/or the Court's inherent authority as is necessary to prevent or restrain infringement of Hargis's copyrights, including preliminary and permanent injunctive relief requiring Fairfax, and its officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with it to permanently cease from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any image or design which infringes Hargis's copyrights or exclusive rights under Copyright;

3. For statutory damages pursuant to 17 U.S.C. § 504(c), in the maximum amount provided by law, as may be proven at trial, arising from Defendants' willful violations of Hargis's rights under the Copyright Act or, in the alternative, at Hargis's election pursuant to 17 U.S.C. § 504(b), Hargis's actual damages, including Defendants' profits from infringement, in amounts to be proven at trial;

4. For an order pursuant to 17 U.S.C. § 503 requiring Fairfax to deliver up for destruction or other reasonable disposition all copies made or used in violation of Hargis's respective copyrights;

5. For an order pursuant to 17 U.S.C. § 505 awarding Hargis his costs in this action, including his reasonable attorneys' fees;

6. For pre-judgment and post-judgment interest at the applicable rate on any monetary award made part of the judgment against Fairfax; and

7. For any such other and further relief as the Court may deem just and appropriate.

Dated: September 1, 2026

**ONE LLP**

By: /s/ Jennifer A. Mauri
Jennifer A. Mauri
John Tehranian
Attorneys for Plaintiff,
Scott Hargis, d/b/a Scott Hargis Photo

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: September 1, 2026

**ONE LLP**

By: /s/ Jennifer A. Mauri
Jennifer A. Mauri
John Tehranian
Attorneys for Plaintiff,
Scott Hargis, d/b/a Scott Hargis Photo